UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TOMMY PATRICK,                      )
                                    )
         Petitioner,                )
                                    )
    v.                              )   No. 1:19-cv-05021-SEB-DLP
                                    )
MARK SEVIER,                        )
                                    )
         Respondent.                )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Tommy Patrick's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case NCF 19-02-0050. For the reasons explained in this Entry, Mr. Patrick's petition must be **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

In early February 2019, Mr. Patrick was housed in I Unit, Pod 2. About February 11, he moved to a restrictive housing unit (RHU). Prison staff members gathered Mr. Patrick's property from I Unit on the night of February 11. Dkt. 6-7. That property was inventoried the following day. Dkt. 6-8.

After Mr. Patrick's property was inventoried, Officer D. McClure wrote the following conduct report:

> I, Officer D. McClure was doing inventory of Offender Patrick, Tommy DOC # 201407 in RHU Control with Sgt. Lunsford when I came across a device stored in a green knit cap. The device had a USB port attached to a cable that connected to what appeared to be a charging device. This was found among property with paperwork that had Offender Patrick's name and DOC on it. Offender was notified of this contact report.

Dkt. 6-1. Mr. Patrick was charged with possessing an electronic device in violation of Code 207. Dkt. 6-3.

Mr. Patrick attempted to defend his charge by asserting that he never possessed the device in I Unit. Mr. Patrick argued that someone else placed the device with his property after it was taken from I Unit.

The hearing officer reviewed security video showing the collection of Mr. Patrick's property in I Unit on February 11. Dkt. 6-7. The hearing officer reported that the video shows staff members collecting an inmate's property, but the items they collect cannot be seen clearly. *Id.* The Court has reviewed the video and also observes that it does not allow a clear view of each individual piece of property being collected. *See* dkt. 10.

The record contains two inventories of Mr. Patrick's property. One is dated February 12 and makes no reference to the electronic device or the cap described in the conduct report. Dkt. 6-

2

8. The other identifies one hat among Mr. Patrick's possessions—but this inventory is undated, and it is not clear when or where it was completed. Dkt. 6-9 at 2.

Mr. Patrick obtained written statements from several witnesses. Sergeant Lunsford stated that he saw Officer McClure find the electronic device while inventorying Mr. Patrick's property in the RHU. Dkt. 6-10. Lieutenant Storms states that he received the device from Sergeant Lunsford on February 12. Dkts. 6-13, 6-19. Captain Dorn and Officer Evans stated that they did not remember seeing a green hat when they collected Mr. Patrick's property on February 11. Dkts. 6-11, 6-12. No evidence tells where or under what conditions Mr. Patrick's property was stored from the time it was collected on February 11 until the time it was inventoried on February 12.

NCF 19-02-0050 proceeded to a hearing on February 26, 2019. Dkt. 6-6. Mr. Patrick asserted in his defense that the green hat and electronic device were planted with his property after it was collected from I Unit. *Id.* The hearing officer found Mr. Patrick guilty and assessed sanctions, including a loss of earned credit time and demotion in credit-earning class. *Id.* Mr. Patrick's administrative appeals were unsuccessful. Dkts. 6-14, 6-15, 6-16.

### III. Analysis

Mr. Patrick seeks habeas relief on grounds that no evidence supported his disciplinary conviction. Specifically, Mr. Patrick notes that no paperwork documents that a green hat was taken from his property in I Unit, that the video does not show a green hat or the electronic device, and that the officers who collected his property in I Unit do not recall seeing a green hat. Additionally, Mr. Patrick notes that more than twelve hours passed between the time his property was collected and the time it was inventoried and that his property does not appear to have been secured during that time.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

The conduct report and statements by Sergeant Lunsford and Lieutenant Storms all document that the electronic device was with Mr. Patrick's property when it was inventoried in RHU. This is "some evidence" supporting the hearing officer's decision that Mr. Patrick was guilty. The fact that the device was found among Mr. Patrick's property during the inventory in RHU supports the conclusion that Mr. Patrick possessed the device.

As Mr. Patrick notes, other evidence—specifically, the video and the lack of any documentation of what property was taken from I Unit or where it was taken—leaves open the possibility that somebody else placed it with his unsecured property. However, the hearing officer reviewed that evidence and found it unpersuasive. The Court may not reweigh the evidence and therefore may not grant Mr. Patrick's petition.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Patrick's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Patrick's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 1/7/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TOMMY PATRICK
201407
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov